# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Jerry Holman,

     Petitioner,

v.

Calvin Johnson, et al.,

     Respondents.

Case No.: 2:21-cv-00266-APG-NJK

**Order Granting Motion for Reconsideration, Granting Motion for Leave to Amend Petition, and Serving Amended Petition upon Respondents**

[ECF No. 6, 7]

This is a closed habeas corpus matter under 28 U.S.C. § 2254. I initially dismissed the action because petitioner Jerry Holman neither paid the filing fee nor filed an application to proceed *in forma pauperis*.[1] Two days after my order was entered, a person named Maria Holman paid the filing fee. Holman then filed a motion for reconsideration.[2] He stated that he had given a complete application to proceed *in forma pauperis* to the prison's law library staff for electronic filing with the court. Holman has attached that application to his motion. The inmate account statement was generated on February 2, 2021, and a prison officer signed the financial certificate on the same day.[3] These two events occurred before Holman handed his petition to a prison officer for filing with the court on February 14, 2021.[4] Holman thus convinces me that the omission of the application to proceed *in forma pauperis* was inadvertent. I will grant the motion for reconsideration. I will not direct the filing of the application attached to the motion, because it is moot with the payment of the filing fee.

---

[1] ECF No. 3.

[2] ECF No. 6.

[3] ECF No. 6 at 14-15.

[4] ECF No. 1-1 at 1.

Holman also has filed a motion for leave to amend petition.[5]  At this stage of the proceedings, Holman does not need leave of the court to amend his petition once, but I grant the motion.

IT THEREFORE IS ORDERED that petitioner's motion for reconsideration (ECF No. 6) is **GRANTED**.  The order and judgment dismissing this action (ECF No. 3, 4) are **VACATED**.

IT FURTHER IS ORDERED that the clerk of the court reopen this action.

IT FURTHER IS ORDERED that petitioner's motion for leave to amend (ECF No. 7), is **GRANTED**.

IT FURTHER IS ORDERED that the clerk of the court file the amended petition, currently in the docket in ECF No. 7, pages 23 through 58.

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

IT FURTHER IS ORDERED that respondents must file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss.  In other words, the

---

[5] ECF No. 7.

court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: May 14, 2021

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE