# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JERRY HOLMAN,

    Petitioner

v.

CALVIN JOHNSON, et al.,

    Respondents.

Case No.: 2:21-cv-00266-APG-NJK

**Order**

Petitioner Jerry Holman has filed a motion for appointment of counsel. ECF No. 15). In order to ensure due process, I grant the motion.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Holman was convicted by a jury of first-degree murder and sentenced to life without the possibility of parole. He was about 21 years-old at the time of the crime. It appears that some of the legal issues may be complex. In order to ensure due process, I grant Holman's motion for counsel.

The respondents have moved to dismiss the petition. ECF No. 27. Because I am appointing counsel, I deny the motion to dismiss without prejudice to renewing the motion after an amended petition is filed.

The respondents also moved for leave to file an exhibit under seal. ECF No. 29. While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (simplified). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179. Here, the respondents seek to file Holman's presentence investigation report (PSI) under seal because it is confidential under state law and contains Holman's identifiers and his social security number. ECF No. 29. The respondents have demonstrated compelling reasons to file the PSI under seal.[1]

I THEREFORE ORDER that the petitioner's motion for appointment of counsel **(ECF No. 15) is GRANTED.**

I FURTHER ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner.

I FURTHER ORDER the Clerk of Court to **ELECTRONICALLY SERVE** on the FPD a copy of this order, together with a copy of the amended petition for writ of habeas corpus (ECF No. 9). The FPD has until **July 13, 2022** to file a notice of appearance or to indicate to the court its inability to represent the petitioner in these proceedings.

---

[1] While I deny the motion to dismiss without prejudice, I anticipate that any renewed motion to dismiss will be supported at least in part by the exhibits that the respondents have already filed. Thus, it is appropriate to file the PSI under seal at this time.

I FURTHER ORDER that after counsel has appeared for the petitioner in this case, the court will issue a scheduling order, which will include a deadline for an amended petition.

I FURTHER ORDER that the respondents' motion to dismiss **(ECF No. 27) is DENIED** without prejudice.

I FURTHER ORDER that the respondents' motion for leave to file exhibit under seal **(ECF No. 29) is GRANTED**.

Dated: June 8, 2022

_____
U.S. District Judge Andrew P. Gordon