UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jerry Holman, | Case No.: 2:21-cv-00266-APG-NJK |
| Petitioner | **Order Denying Motion to Dismiss** |
| v. | [ECF No. 46] |
| Calvin Johnson, *et al.*, | |
| Respondents | |

In his 28 U.S.C. § 2254 petition for a writ of habeas corpus Jerry Holman challenges his murder conviction, alleging that his trial and appellate counsel were ineffective and that insufficient evidence supported the verdict. ECF No. 44. The respondents move to dismiss his insufficiency of the evidence claim (ground III) as untimely. ECF No. 46. I conclude that ground III relates back to a timely-filed petition. So I deny the motion to dismiss and set a briefing schedule for the answer to the second-amended petition.

I.  **Background**

In August 2015, a jury in Eighth Judicial District Court (Clark County) Nevada convicted Holman of conspiracy to commit murder and first-degree murder with use of a deadly weapon. Exh. 25.[1] The charges stemmed from an incident where Holman and his girlfriend, Mariah Whitemagpie, had some sort of argument with the victim in front of an apartment complex in Las Vegas. Cellphone video showed the victim backing away from the two as they pursued him. Holman then stabbed him repeatedly. The victim was pronounced dead at a hospital. The state district court sentenced Holman to life in prison without the possibility of parole. Exh. 28.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 46, and are found at ECF Nos. 18-26, 30.

Judgment of conviction was entered on October 29, 2015. Exh. 29. The Nevada Supreme Court affirmed his conviction and affirmed the denial of his state habeas corpus petition. Exhs. 44, 76.

Holman dispatched his federal habeas petition for filing in February 2021. ECF No. 1-1. The court granted his motion for appointment of counsel. ECF No. 33. He filed a counseled, second-amended petition setting forth three grounds for relief:

> Ground I: Holman received ineffective assistance of counsel:
>
>   A. Trial counsel made multiple prejudicial errors during Ronald Acuna's testimony;
>
>   B. Trial counsel failed to object to burden-shifting by the prosecutor;
>
>   C. Trial counsel's deficient performance prejudiced Holman.
>
> Ground II: Holman's appellate counsel was ineffective for failing to argue on appeal that the prosecution improperly impeached a defense witness.
>
> Ground III: Holman was convicted based on insufficient evidence in violation of his due process rights.

ECF No. 44 at 7-17.

The respondents move to dismiss the petition as untimely and argue that his claim of cumulative error of trial counsel is not cognizable. ECF No. 46. Holman opposed, and the respondents replied. ECF Nos. 48, 51.

II.     **Motion to Dismiss -- Legal Standards & Analysis**

**Relation Back**

The respondents argue that ground III in Holman's second-amended petition does not relate back to a timely-filed petition and should thus be dismissed as untimely. ECF No. 44 at 6-9; ECF No. 51 at 2. The parties do not dispute that Holman's original and first-amended petition were timely-filed and that the second-amended petition was filed after the expiration of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period. Thus the claims second-amended petition will be timely only if the new claims relate back to claims in

2

a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

### *Ground III relates back and is, therefore, timely.*

Holman argues that insufficient evidence supported his conviction. ECF No. 44 at 14-17. He discusses the knife, tank top, and cellphone video that were introduced as evidence at trial, as well as the testimony of eyewitnesses. In his timely, first-amended petition, Holman also described this evidence and challenged it as insufficient. ECF No. 9 at 12-21. The two claims clearly share a common core of operative facts. Ground III relates back; thus it is timely.

### *The court declines to consider whether ground I(C) is cognizable at this time.*

The respondents also move to dismiss Holman's claim of cumulative error of trial counsel (ground I(C)). ECF No. 46 at 10-11. They argue that whether such an ineffective assistance of counsel ("IAC") claim is cognizable under AEDPA is not "clearly established"

federal law by the U.S. Supreme Court. In turn, Holman points out that the Ninth Circuit has stated that "[w]hile an individual claiming IAC 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' the court considers counsel's conduct as a whole to determine whether it was constitutionally adequate." *Browning v. Baker*, 875 F.3d 444, 471 (9th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The court defers a decision on ground I(C) and will evaluate the cumulative error claim when it considers the entirety of the IAC claims in ground I.

### III. Conclusion

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 46] is denied**.

I FURTHER ORDER that the respondents have **45 days** from the date of this order to file an answer to the second-amended petition. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

I FURTHER ORDER that the petitioner has **45 days** following service of the respondents' answer in which to file a reply.

DATED this 31st day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE