**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jerry Holman, | Case No.: 2:21-cv-00266-APG-NJK |
| Petitioner | **Order Denying Motion to Strike** |
| v. | [ECF No. 72] |
| Calvin Johnson, et al., | |
| Respondents | |

In Jerry Holman's 28 U.S.C. § 2254 habeas corpus petition, he challenges his convictions for first-degree murder and conspiracy to commit murder. ECF No. 44.  The respondents have answered the petition. ECF No. 60.  Holman, through his counsel the Federal Public Defender (FPD), filed a reply. ECF No. 67.  With the reply, Holman also manually filed trial court exhibit 39, which he represents is video footage in which the perpetrator's face cannot be seen clearly. ECF No. 71.  The video, however, does not play.

The respondents then filed a motion to strike the exhibit. ECF No. 72.[1]  Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure (FRCP) are applicable to § 2254 proceedings to the extent they are not inconsistent with § 2254 rules.  FRCP 12(f) permits a party to file a motion to strike "any redundant, immaterial, impertinent, or scandalous matter" on a motion before response to the pleading if a response is allowed, or within 21 days of service of the pleading.

The respondents argue that Holman cannot present this trial exhibit in these proceedings because he didn't present it either on direct appeal or in his state postconviction habeas corpus petition.  "In *Pinholster*, the Supreme Court held that § 2254(d)(1) 'requires an examination of

---

[1] Holman opposed, and respondents replied. ECF Nos. 73, 74.

the state-court decision at the time it was made and on the same record.'" *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011)).  The Supreme Court then held in *Shinn v. Ramirez* that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." 596 U.S. 366, 382 (2022).  The respondents argue that, because Holman did not present trial court exhibit 39 to the Nevada Supreme Court in support of his direct appeal or appeal of the denial of his state postconviction habeas petition, under *Pinholster* he is precluded from presenting the exhibit to this court.

But the Ninth Circuit Court of Appeals has since held that "[f]ederal courts sitting in habeas may consider the entire state-court record, not merely those materials that were presented to state appellate courts. . . . *Pinholster's* concerns are not implicated when a federal habeas court is asked to consider evidence that was presented to the state trial court, whether or not that evidence was subsequently presented to a state appellate court. *McDaniels v. Kirkland*, 813 F.3d 770, 780 (9th Cir. 2015) (internal citations omitted).  The parties do not appear to dispute that the video was presented at trial.

The respondents filed the state-court record in November 2021. *See* ECF Nos. 18-26. Contemporaneously, the respondents filed a notice regarding state court records. ECF No. 28. The notice stated that the respondents obtained "all publicly available records from the only docket, if the records were available online." *Id*. at 1.  The respondents further "contacted the clerk of the Eighth Judicial District Court and requested all records related to Petitioner, including but not limited to the pleadings available in the public record as well as any 'left-side filing.'" *Id*. at 1-2.  As for the left-side filings, the "respondents must rely on the respective

clerk's office to provide those documents as requested." *Id*. at 2.  The respondents state that trial exhibits are not ordinarily part of left-side filings.  The respondents also filed supplemental exhibits in October 2023.

Holman therefore had notice that the trial exhibit had not been filed in this court.  Yet he waited until October 2025, to present this exhibit with his reply in support of the petition.  Moreover, in his petition Holman repeatedly refers to a poor-quality cellphone video in which "the perpetrator's face cannot be seen clearly."  ECF No. 44 at 15; *see also id*. at 16, 20, 21.  Still, this court may properly consider the exhibit in adjudicating Holman's petition. *McDaniels*, 813 F.3d at 780.  Despite this unexplained delay, I deny the motion to strike.

I THEREFORE ORDER that the respondents' motion to strike exhibit **[ECF No. 72] is DENIED.**

I FURTHER ORDER that, within 30 days of the date of this order, Holman may file another, functioning copy of trial exhibit 39.[2]

DATED this 28th day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The video on the USB drive that was manually filed does not play. ECF No. 71.  The video also appears to be small. The FPD is advised to test the video before providing another copy to ensure that it works.